IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| ROBERT BASCOMB, #204 646, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CIVIL ACTION NO.: 2:16-CV-150-WHA |
| | ) | [WO] |
| WARDEN, ELMORE CORRECTIONAL FACILITY, *et al.*, | ) | |
| Respondents. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a *pro se* petition for a writ of habeas corpus filed by a state prisoner under 28 U.S.C. § 2241.[1] The action is before the undersigned United States Magistrate Judge for a report and recommendation. *See* 28 U.S.C. § 636(b). Upon consideration of the pleadings and documents filed, it will be recommended this action be dismissed.

## **I. BACKGROUND**

Petitioner files this 28 U.S.C. § 2241 habeas corpus petition challenging a denial of his right to a speedy trial. In support of his petition, Petitioner claims the Birmingham Police Department lodged a detainer against him which is having an adverse effect on his classification status, his ability to be placed on work release, and his eligibility for trade school. Doc. 1 at 7. Petitioner states he does not seek dismissal of the pending detainers. *Id.* at 8. Rather, he requests the state comply with its obligation to promptly bring him to trial on the outstanding detainer. *Id*.

---

[1] Petitioner, an inmate incarcerated at the Elmore Correctional Facility in Elmore, Alabama, originally filed this action in the United States District Court for the Northern District of Alabama. By order entered February 22, 2016, the court in the Northern District transferred the case to this court for further proceedings. Doc. 4.

Respondents filed a response and supplemental answer. Docs. 8, 11. Respondents indicate in the supplemental answer that Petitioner is not entitled to habeas relief as the records of the Alabama Department of Corrections reflect Petitioner has no active detainer warrants against him. Doc. 11-7. The court granted Petitioner an opportunity to respond to Respondent's response and supplemental answer. Doc. 12. Plaintiff has filed no response.

## II. DISCUSSION

Petitioner is incarcerated, pursuant to his pleas of guilty, on two counts of first degree assault and one count of discharging a gun into an occupied building entered against him by the Circuit Court for Jefferson County, Alabama, on May 11, 2009. Doc. 11-2, Doc. 11-4, Doc. 11-6. The trial court sentenced Petitioner to two twenty-year sentences on the assault convictions and to a fifteen-year term of imprisonment on the discharging a gun into an occupied building conviction. *See Id.* Respondents maintain that the records of the Alabama Department of Corrections show Petitioner has no active detainers lodged against him. Doc. 11-7. Accordingly, Respondents state the petition is moot. Doc. 11.

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Consequently, in order for the court to take jurisdiction over an action, an actual case or controversy must be present. *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *O'Shea v. Littleton*, 414 U.S. 488, 493–95 (1974); *Johnson v. Sikes*, 730 F.2d 644, 647 (11th Cir. 1984). Some "threatened or actual injury" must exist as a result of the allegedly wrongful actions of the defendant. *O'Shea*, 414 U.S. at 493. Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). "This

case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

Here, Petitioner's ultimate objective in filing this action was disposition of outstanding detainers. The undisputed evidence demonstrates the Birmingham Police Department has no active detainers against Petitioner and has not imposed any restraint on his liberty. Doc. 11-7. Accordingly, Petitioner's request for habeas relief is due to be dismissed as moot because there is no case or controversy to litigate.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the instant 28 U.S.C. § 2241 petition for habeas relief filed by Petitioner Robert Bascomb be DISMISSED as moot.

It is further ORDERED that **on or before May 24, 2017**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11ᵀᴴ Cɪʀ. R. 3-1. *See Stein v. Lanning*

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done, this 10th day of May 2017.

      /s/   Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE